**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**PETER J. MESSITTE**                                    **6500 CHERRYWOOD LANE**
UNITED STATES DISTRICT JUDGE                     **GREENBELT, MARYLAND  20770**
                                                      **301-344-0632**

<u>MEMORANDUM</u>

TO:             Counsel of Record

FROM:        Judge Peter J. Messitte

RE:            <u>Tabibian v. Esfahani, *et. al.*</u>
                    Civil No. PJM 14-3227

DATE:        April 16, 2015

* * *

The Court has before it two Motions to Quash (Paper Nos. 51 and 58) and rules as follows:

## I.  Plaintiff Tabibian's Motion to Quash Defendants' Subpoenas (Paper No. 58)

Defendants Mohammad Esfahani, *et. al.* have filed some eighteen (18) subpoenas *duces tecum* and/or *ad testificandum* requesting that various entities provide financial information pertaining to Plaintiff Tabibian.  This flies directly in the face of the Court's March 11, 2015 Order that "discovery related to financial matters" would be stayed pending a hearing on August 25, 2015, that was set to consider any issues of ownership of the trademarks and business of Z-Burger.  *See* Order (Paper No. 53).

Defense counsel's suggestion that the Court also intended to hear liability issues beyond ownership is incorrect.  As the Court stated at the March 10, 2015 teleconference, in granting *Defendants'* request to quash discovery directed at financial information, discovery could proceed as to "non-financial issues going to ownership and injunctive relief."  March 10, 2015 Hearing Transcript 47:16–17.  Further, the Court stated that the Court would "stay any discovery on numbers, on financials and that we will move toward a resolution of the liability issue, permanent injunction or not, which will deal with the issue of who is entitled to ownership."  *Id.* at 42:8–11.

Liability decisions can only follow once ownership issues are decided.  Defense counsel's massive issue of subpoenas, on financial issues, without at least first seeking clarification from the Court in writing (as well as defense counsel's apparent failure to comply with Federal Rule of Civil Procedure 45(4) requiring notice to other parties before service of subpoenas) flirts with contempt.

Defense counsel are strongly advised to dial back on this sort of tactic in this case, and are further reminded that they must scrupulously adhere to the rules of procedure. The Court denies without prejudice Tabibian's request that Defendants and/or defense counsel be required to show cause why they should not be held in contempt for their actions.  But the Court intends to closely monitor counsel's conduct from this point forward.

1

Tabibian's Motion to Quash Defendants' Subpoenas (Paper No. 58) is **GRANTED**.  Defense counsel shall promptly notify any and all persons or entities receiving the subpoenas that they have been quashed and shall promptly notify plaintiff's counsel and the Court in writing that this has been done.

## II. Non-Party Companies', and Non-Party Attorney's Motion to Quash Plaintiff's Subpoenas (Paper No. 51)

Tabibian seeks to depose Raj Abhyanker, a California attorney, whom Defendant Esfahani apparently engaged to file certain trademark applications (but not the Z-Burger marks) and to prosecute those marks.  Tabibian seeks to establish that, since Esfahani is arguing he was unaware that Tabibian had filed the Z-Burger marks, if he truly did not know, he would have tried to register the Z-Burger marks himself.  Non-party Abhyanker and non-party companies move to quash the subpoena on the grounds of attorney-client privilege.  Esfahani supports quashal on the grounds of irrelevance, attorney-client privilege, and excessive cost (Abhyanker being in California).

The Court GRANTS the Motion to Quash primarily because, on balance, the deposition is unnecessary.  The trademarks that Esfahani did have registered may be retrieved from public records without having to question Abyahnker about them.  The fact that Esfahani did not register (or attempt to register) the Z-Burger mark presumably is also an easily demonstrable fact. Attorney-client privilege is a further impediment to the deposition in any event.

Accordingly, the Non-Party Companies', and Non-Party Attorney's Motion to Quash Plaintiff's Subpoenas (Paper No. 51) is **GRANTED-IN-PART** and the subpoena to Attorney Abhyanker is **QUASHED** in every respect (without, however, prejudice to possible reconsideration in later phases of this case).[1]

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

_/s/_
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

cc:  Court File

---

[1] The Court already addressed the remaining portions of this Motion during the March 10, 2015 teleconference, GRANTING WITHOUT PREJUDICE the Motion with respect to discovery directed to other non-parties regarding financial issues, and DENYING the Motion directed to non-parties regarding non-financial issues going to ownership or injunctive relief.