

BRIAN S. SEAL
PHONE: 202-808-7364
Email:  bseal@ratnerprestia.com

May 1, 2015

VIA ECF

The Hon. Peter J. Messitte
United States District Judge
U.S. District Court for the District of Maryland
Greenbelt Division
6500 Cherrywood Lane
Greenbelt, MD 20770

Re:    **Deficiencies in Defendants' Discovery Responses**
       ***Tabibian v Esfahani, et al.*, Case No. 8:14-cv-03227-PJM**

Dear Judge Messitte,

Despite the Court's admonition to Defendants to "dial back" on their tactics and "scrupulously adhere to the rules of procedure," (D.I. 66 at 1), Defendants continue to engage in discovery recalcitrance and other obstructionist behavior.  In the last month, this has led to additional discovery disputes and forced Plaintiff to expend considerable time and resources attempting to resolve them.  Specifically, Defendants:

- produced an unprepared 30(b)(6) witness who could not answer even basic questions covered by the deposition notice, then denied that he was their designated witness despite a prior written communication from them identifying him as such;

- failed to institute a litigation hold, which failure has resulted in the destruction of potentially relevant documents; and

- refuse to confirm whether their discovery responses are now complete, despite the Court's instruction on March 10 to provide complete responses by April 6. *See* 3/10/15 Hearing Tr. at 37:1-11 (attached as Ex. A) ("Full discovery -- full responses by April 6th, no extensions for defendant, understood?").

Plaintiff has exhausted his efforts to resolve these disputes informally and  requests the Court's intervention.[1] Given the timing of the case and the hearing scheduled for August 25, we submit this letter in lieu of a written motion pursuant to this Court's Discovery Guideline 1(f).

---

[1] Pursuant to Local Rule 104.7, counsel for Plaintiff conferred in good faith by phone with Defendants' counsel on April 24, 2015 in an effort to resolve these disputes, but could not reach a resolution. Thomas G. Southard and Brian S. Seal participated on behalf of Plaintiff, while Stevan H. Lieberman, Debora J. McCormick, and Harry A. Suissa participated on behalf of Defendants.



**A.      Defendants Proffered an Unprepared 30(b)(6) Witness**

Plaintiff noticed a Rule 30(b)(6) deposition of Defendants on March 26 and asked Defendants to designate a person most knowledgeable to testify in response to various topics involving ownership of the Z-Burger business and the Z-Burger trademarks. *See* Revised Notice of Rule 30(b)(6) Deposition (attached as Ex. B).   On March 31, Defendants designated Defendant Ebrahim Esfahani as the corporate witness for Defendant 2001-13 ME, LLC, the entity that Defendants allege owns and operates the Z-Burger location at 2414 Wisconsin Avenue, N.W. in the Glover Park neighborhood of Washington, D.C.   *See* March 31, 2015 e-mail from Harry A. Suissa to Thomas G. Southard ("Mr. Ebrahim Esfahani will be designated as the deponent for the company known as 2001-13 ME, LLC.") (attached as Ex. C).

The deposition took place on April 16. Although noticed for a full-day deposition scheduled to begin at 9:30 am, Mr. Esfahani arrived almost half an hour late so that the deposition began a few minutes before 10:00 am. He then had to leave shortly after 3:00 pm, so that, with a one-hour lunch break, he was available for only four hours of testimony.

As the corporate designee for 2001-13 ME, LLC, Mr. Esfahani was under an affirmative obligation to educate himself as to the matters contained in the 30(b)(6) deposition notice. *See Wilson v. Lakner*, 228 F.R.D. 524, 528 (D. Md. 2005) ("There can be no question that [Rule 30(b)(6)] 'imposes a duty to prepare the designee[] … [that] goes beyond matters personally known to the designee or to matters in which that designee was personally involved.'") (citations omitted).  From the outset, however, it was readily apparent that Mr. Esfahani was unprepared and could not testify to the specified topics. For example, he could not answer simple questions relating to his alleged ownership of the business:

Q:     Did you sign any documents to confirm your ownership of the
       Z-Burger business?

A:     I can't remember.

Q:     Can't remember.  How about any leases?

A:     I can't remember.

Q:     You can't remember.  Any operating agreements?

A:     I can't remember.

Q:     Help me understand then how you acquired a 50 percent
       ownership interest in Z-Burger.

A:     We did the same way.  I was owner in the other restaurant;
       same way Z-Burger.  Same way Proven Systems and the
       others.



Q:      Can you describe that way, the way you became --

A:      Same way we had a certification for the other places.  Same way.

Q:      So you signed a certification?

A:      I can't remember.

Q:      You can't remember. So you don't know how you became a 50 percent owner of Z-Burger?

A:      Was owner of Proven—which place you say?

Q:      I'm talking about the Z-Burger business.

A:      Okay.  Owner of 50 percent Z-Burger, but I can't remember exactly.

Q:      You can't remember exactly how you became an owner?

A:      I can't remember.

E. Esfahani Dep. at 118:5-119:11 (attached as Ex. D).

Nor could he answer questions about 2001-13 ME, LLC, the specific entity for which he was supposed to testifying as a corporate witness:

Q:      Does 2001-13 ME LLC have an ownership interest in Proven Systems?

A:      I don't think so.

Q:      You don't think so?

A:      I don't know.

Q:      You don't know?

A:      I don't know.

Q:      Is there anybody who would know?

A:      I don't know.

Q:      You don't know?

A:      I don't know.

Q:      Are you unprepared to talk about this today?



A:      No, no.  That's what I'm saying.

Q:      You just don't know?  The company's answer is it doesn't know?

A:      I think Mohammad knows.  I don't know.

*Id*. at 144:14-145:8.

The transcript includes numerous other instances in which Mr. Esfahani either could not or would not provide answers to questions covered by the deposition notice. Rather than restate each one here, Plaintiff has attached excerpts from the deposition transcript as Exhibit D, with relevant exchanges highlighted for the Court's convenience.

Mr. Esfahani's inability to provide sufficient testimony is at least in part a result of opposing counsel's failure to properly prepare him as a 30(b)(6) witness. When questioned on what he did to prepare for deposition, Mr. Esfahani testified that he met with his attorney for an hour prior to the deposition but was neither shown nor asked to review any documents. *Id*. at 17:17-19:10. Other than glancing at unspecified "business licenses" hanging on the wall at the Z-Burger restaurant located at 2414 Wisconsin Avenue in the weeks before his deposition, Mr. Esfahani testified that he had never seen, much less reviewed, Plaintiff's Rule 30(b)(6) notice, Defendants' Answer & Counterclaims, his own responses to Plaintiff's interrogatories, or any other documents of substance.  *Id*. at 20:3-12. (Indeed, for the better part of the deposition, Mr. Esfahani could not identify his own signature on the verification page attached to his interrogatory responses. *Id*. at 102:17-104:10). At the end of Mr. Esfahani's deposition, when we raised the apparent lack of preparation, counsel for Defendants disagreed, stating "He testified to what he knows. The fact that he doesn't know about certain topics doesn't mean he is not prepared. He may not know." *Id*. at 215:1-3. As noted above, however, a 30(b)(6) has an affirmative obligation to educate himself about the noticed topics and cannot refuse to answer questions based on a lack of personal knowledge.

Given Mr. Esfahani's inability to provide even basic information, we asked Defendants to produce a competent witness and compensate Plaintiff for the expenses he incurred in taking the wasted deposition, including expenses for the court reporter, videographer, and the Farsi interpreter that Defendants required. In response, counsel for Defendants refused the requested compensation, arguing that they had presented Mr. Esfahani as an individual witness only and not as a corporate designee. We then provided them with a copy of their own email designating Mr. Esfahani as a corporate witness for 2001-13 ME, LLC. *See* April 24, 2015 email from Brian S. Seal to Stevan H. Lieberman (attached as Ex. E). To date, however, counsel for Defendants have neither responded to that communication nor changed their position on the question of compensation.

In light of the foregoing deficiencies in Mr. Esfahani's testimony, we request that the Court order Defendants to (i) reimburse Plaintiff for the time and costs incurred in connection with Mr. Esfahani's April 16 deposition, including the time spent by counsel for Plaintiff deposing Mr. Esfahani, (ii) produce Mr. Esfahani in his individual capacity for the remaining time permitted under Rule 30(d)(1), and (iii) produce a fully-prepared



corporate witness for 2001-13 ME, LLC for the topics identified in the Rule 30(b)(6) notice.

> **B.    Defendants Failed to Implement A Litigation Hold, Resulting In the Destruction of Potentially Relevant Evidence**

While Defendants' document production contains a substantial number of emails *received* by Defendant Mohammad Esfahani, it contains virtually no emails *sent* by him. We raised this deficiency with Defendants in a letter dated April 13, 2015. See April 13, 2015 letter from Brian S. Seal to Stevan H. Lieberman at 1 (attached as Ex. F). In response, Defendants explained the deficiency by claiming (i) that Mr. Esfahani "does not use email to respond to inquiries" for various reasons and (ii) that his email service, Yahoo, "retains a user's sent mail only if the user sets their email account options to save sent mail and has not subsequently deleted specific messages." See April 20, 2015 letter from Stevan H. Lieberman to Brian S. Seal at 2 (attached as Ex. G).

The first claim is belied by Mr. Esfahani's deposition, in which he stated that his outbox contained "maybe one hundred" emails. M. Esfahani Dep. at 39:2-40:2 (attached as Exhibit H). Additionally, Defendants' document production includes several emails received by Mr. Esfahani that contain emails sent from him as part of the chain, though those sent emails were not produced on their own. *See*, *i.e.*, Defendants' Produced Doc. No. 30347 (attached as Ex. I). So the claim that Mr. Esfahani does not send email cannot be accurate.

Nor can the deficiency be explained by the claim that Yahoo's default settings automatically delete sent email. Even if Mr. Esfahani's default account settings were configured to delete his sent email, Defendants had an obligation to preserve all relevant evidence as soon as they became aware in August 2014 that this litigation was pending. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 521 (D. Md. 2010) ("common law imposes the obligation to preserve evidence from the moment that litigation is reasonably anticipated"). That obligation requires the suspension of any pre-existing document retention or destruction policy. *Id*. at 524.

At his deposition, however, Defendant Mohammad Esfahani testified that he never received any instruction about his obligation to preserve documents:

> Q:    Were you instructed at any point after this litigation began not to delete emails or destroy documents?
>
> A:    No.

Ex. H (M. Esfahani Dep.) at 37:17-20.

> Q:    I asked you earlier if anyone had ever given you an instruction not to destroy documents for this litigation and you said "no." I want to clarify it. Does that include Eric Rome?
>
> A:    Yes.
>
> Q:    So Eric Rome did not give you any instruction not to destroy documents?



A:      Not at all.

*Id*. at 46:4-11.

During the meet-and-confer on the lack of sent emails, Defendants insisted that they had produced all relevant and responsive emails sent by Mr. Esfahani. Their proffered explanations for the near-total lack of sent email, however, do not comport with the available evidence, which indicates that such emails should exist. If the lack stems from the destruction of documents due to Defendants' failure to institute a litigation hold, that failure gives rise to a variety of possible sanctions, including assessing attorney's fees and costs, the drawing of an adverse inference, precluding evidence, or imposing the harsh, case-dispositive sanctions of dismissal or judgment by default. *See Goodman v. Praxair Services, Inc.*, 632 F. Supp. 2d 494, 506 (D. Md. 2014). Here, we believe the appropriate remedy is a Court-ordered forensic inspection of Defendants' computers and email accounts, at Defendants' expense, along with an award of costs and fees incurred by Plaintiff in bringing this matter to the Court's attention.

### C.      Despite the Court's Instruction to Complete Their Discovery Responses By April 6, Defendants Still Refuse to Confirm That Their Responses Are Complete

Plaintiff served his first sets of interrogatories and requests for the production of documents to Defendant Mohammad Esfahani on December 9, 2014, followed by similar discovery requests to Defendant Ebrahim Esfahani on January 7, 2015. On March 10, as noted above, the Court instructed Defendants to provide complete discovery responses by April 6 or face possible sanctions:

THE COURT:   All right. Full discovery -- full responses by April 6th, no extensions for defendant, understood? Full discovery --

MR. LIEBERMAN:   We're doing the best we can, Your Honor.

THE COURT:   Don't do the best you can, because I'm going to strike your defenses if you don't comply. This is really -- this is the kind of case where it does look to me like there may have been some foot dragging on the defendant's side and I'm not going to have that. This case is going to move and I'll entertain sanctions if you don't.

Ex. A (3/10/15 Hearing Tr.) at 37:1-11.

Despite the instruction to complete their discovery responses by April 6, Defendants produced additional documents on April 10, then still more on April 24. On that date, we asked Defendants to confirm when their production would be complete, but they refused to do so. As of today's date, they still have not done so and their failure to do so is impeding Plaintiff's efforts to advance the case and focus the issues for the August 25 trial.

For example, in their Answer, Defendants claim that Plaintiff Payam Tabibian and Defendant Mohammad Esfahani formed an employer/employee relationship at some point before the creation of the Z-Burger business and "possibly as early as 2005." *See*



D.I. 21 at ¶ 15. Plaintiff accordingly issued a request asking for all documents that support that claim. Defendants' initial response identified only seven pages of documents: an email chain from 2010 regarding a promotion at American University and an electrical contract from 2014. *See* Ex. F at 5. On April 23, Defendants identified an additional 12 pages, all of which date from 2013 or 2014. *See* April 23, 2015 letter from Stevan H. Lieberman to Brian S. Seal at 6 (attached as Ex. J). Because none of the identified evidence supports Defendants claim of an employer/employee relationship before the opening of the first Z-Burger restaurant in 2008, much less "possibly as early as 2005," Plaintiff may elect to move for summary judgment on that question or file a motion *in limine* in advance of the August 25 hearing. In preparation for doing so, we asked Defendants to confirm that they have produced all relevant evidence. They refused, indicating only that they "will supplement [their response] if and when further documents are discovered." Ex. J at 6.

Defendants' failure to complete their responses as instructed is due in part to the fact that Defendants did not begin collecting documents in earnest, including email, until after the March 19 third-party deposition of Z-Burger corporate attorney David Mahdavi, more than three months after Plaintiff issued his first discovery requests and a full nine days after the Court's instruction. *See* Ex. H (M. Esfahani Dep.) at 22:4-23:3; 42:17-44:4. That testimony directly contradicts statements offered by Defendants' counsel on March 10 that they were already in the process of "assiduously gathering material as fast as we can." Ex. A at 37:16-19.

Defendants' refusal to confirm the completion of their discovery responses is in direct violation of the Court's March 10 Order. And the fact that Defendants waited over nine days after the March 10 conference to begin their collection of documents evidences, at best, a willful disregard of their discovery obligations. Accordingly, we ask that the Court strike Defendants' claim that an employer/employee relationship between Plaintiff Payam Tabibian and any Defendant existed at any point prior to 2010, which is the earliest date on any evidence offered by Defendants. We also ask that the Court order Defendants to certify the completion of their discovery responses by a date certain.

**D.  Request for Relief**

For the foregoing reasons, Plaintiff requests the following relief:

(1) that Defendants reimburse Plaintiff for the time and costs incurred in connection with Ebrahim Esfahani's April 16 deposition, including the time spent by counsel for Plaintiff deposing Mr. Esfahani as a 30(b)(6) witness;

(2) that Defendants produce Ebrahim Esfahani in his individual capacity for the remaining time permitted under Rule 30(d)(1);

(3) that Defendants produce a fully-prepared corporate witness for 2001-13 ME, LLC for the topics identified in the Rule 30(b)(6) notice;

(4) that Plaintiffs be allowed to conduct a forensic inspection of Defendants' computers and email accounts, at Defendants' expense;



(5) that the Court strike Defendants' claim that an employer/employee relationship between Plaintiff Payam Tabibian and any Defendant existed at any point prior to 2010, which is the earliest date on any documents produced by Defendants;

(6) that the Court order Defendants to certify the completion of their discovery responses by a date certain; and

(7) that the Court award Plaintiff his fees and expenses incurred in bringing the above matters to the Court's attention.


Respectfully submitted,


*/s/ Brian S. Seal*
Thomas G. Southard (Bar ID 16861)
Victor N. Balancia (Bar ID 15764)
Brian S. Seal (*pro hac vice*—Bar ID 802513)
RATNERPRESTIA, PC
1250 I Street, NW
Suite 1000
Washington, D.C. 20005
T: 202-808-7364
F: 610-407-0701
tsouthard@ratnerprestia.com
vbalancia@ratnerprestia.com
bseal@ratnerprestia.com

*Counsel for Plaintiff Payam Tabibian*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the I served the foregoing document on all parties via ECF on this the 1st day of May, 2015.


*<u>/s/ Brian S. Seal</u>*
Brian S. Seal