UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**PETER J. MESSITTE**
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

## MEMORANDUM

TO: Counsel of Record

FROM: Judge Peter J. Messitte

RE: <u>Tabibian v. Esfahani</u>, *et. al.*
Civil No. PJM 14-3227

DATE: June 19, 2015

_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

JUN 1 9 2015

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

* * *

Defendants have requested a jury at the hearing beginning on August 25, 2015 (Paper No. 80), and Plaintiff requests additional depositions in preparation for the hearing (Paper No. 86).

There appears to be confusion regarding the scope of the August hearing, some of which the Court takes responsibility for.

The starting point is the transcript of the March 10, 2015 teleconference, as well as the parties' arguments back and forth—both at the teleconference and through subsequent filings. Although it was originally intended that the August hearing deal only with the issue of *preliminary* injunctive relief regarding the ownership of the trademarks and business of Z-Burger business, the Court suggested at the March 10 teleconference—and believed the parties consented—to proceed with a bench trial in August to address the issue of *permanent* injunctive relief on the issue of ownership. The Court suggested this at the time because the discovery necessary for a preliminary injunction hearing is typically very much like that appropriate for a permanent injunction. Therefore, the Court did suggest that, rather than unnecessarily duplicate discovery, the parties might proceed on a normal discovery timeline to develop their cases regarding the ownership of the trademarks and business of Z-Burger in preparation for a permanent injunction hearing on August 25, 2015. This approach was confirmed in the Court's March 11, 2015 Order. Paper No. 53.

Only in the last few days—some 11 weeks since the March 11 Order—Defendants have asked that a jury be empaneled at the hearing beginning August 25, 2015. This request comes quite late, of course, but the Court is inclined to agree that, unless the parties stipulate otherwise, the final resolution of the ownership of the trademarks and business of Z-Burger should be heard by a jury, if either side so desires.

Accordingly, to resolve the confusion once and for all, the August hearing will only deal with *preliminary* injunctive relief and the Court will consider only whether Plaintiff or Defendants have tentatively established ownership in the disputed trademarks as ought entitle one side or the other to *preliminary* relief.

1

The ultimate decision on ownership of the trademarks and the business will be decided at a later date—after the hearing on the preliminary injunction—and may involve a jury.

Discovery, limited to ownership issues (not liability and not damages) may proceed. However, counsel should understand that the Court intends to limit the number of witnesses who may testify at the August hearing. Additionally, no witnesses may be called whose name and contact information has not been supplied to opposing counsel by July 15, 2015, and no document may be offered into evidence at the hearing that has not been supplied to opposing counsel by that date.

**Counsel are directed to jointly contact chambers by Wednesday, June 24, 2015, to set in a teleconference before the end of this month.**

The Court notes Defendants in the last few days have sought leave to amend their Counter-Claims to add additional parties as Counter-Claim Defendants. Paper No. 92. This request is inconsistent with the Court's intention to resolve the pending preliminary injunction motions as between the current parties at the August hearing. Accordingly, this request is DENIED WITHOUT PREJUDICE.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

cc: Court File